ROBERT W. PAYNE - BAR# 73901
rwp@hogefenton.com
ALLISON ARA MANOV - BAR# 274081
aam@hogefenton.com
HOGE, FENTON, JONES & APPEL, INC.
Sixty South Market Street, Suite 1400
San Jose, California 95113-2396
Phone: (408) 287-9501
Fax:  (408) 287-2583

Attorneys for Plaintiff
INTEGRIS WEALTH MANAGEMENT, LLC

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTEGRIS WEALTH MANAGEMENT, LLC, a California limited liability company,<br><br>      Plaintiff,<br><br> vs.<br><br>INTEGRIS FINANCIAL GROUP, LLC,, a New York limited liability company, and DOES 1-10, inclusive,<br><br>      Defendants. | No.<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, INTEGRIS WEALTH MANAGEMENT, LLC, alleges as follows:

### JURISDICTION AND VENUE

1. This action arises under 15 U.S.C. §§ 1114 and 1125 et seq. Jurisdiction is therefore proper under 28 U.S.C. §§ 1331, 1332, and 1338.

2. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2) because both a substantial part of the events or omissions giving rise to the claim occurred in the Northern District of California and the property in question is located in the Northern District of California. On information and belief, likely confusion and other injury has occurred in the Northern District of California, where clients and prospective clients of Plaintiff would confuse Defendant's trade name or trademark and distant location with Plaintiff's own trade name, trademark and actual location.

## THE PARTIES

3. Plaintiff INTEGRIS WEALTH MANAGEMENT, LLC is a limited liability company existing under the laws of California, with its principal place of business in Monterey, California.

4. Upon information and belief, Defendant INTEGRIS FINANCIAL GROUP, LLC is a limited liability company, existing under the laws of New York, with its principal place of business in Lockport, New York.

5. Plaintiff is unaware of the true names and capacities of DOES 1 through 10, inclusive, and therefore sues said defendants by such fictitious names. Plaintiff will ask leave of Court to amend this Complaint to state the true names and capacities of the defendants sued as DOES when the same are ascertained. Plaintiff is informed and believes, and based thereon alleges that each of the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages, as herein alleged, were proximately caused by their conduct.

6. At all material times herein, each defendant was the agent, servant, and employee of their co-defendants, and in doing things herein alleged were acting in the scope of their authority as such agents, servants, and employees, and with the permission and consent of their co-defendants.

## FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

7. From March 29, 2006 and continuing to date, Plaintiff has been doing business in the United States, using the mark "INTEGRIS" and related marks in commerce as a trademark in connection with financial planning and investment advisory services.

8. Plaintiff acquired trademark rights to the mark "INTEGRIS," and related marks, both at common law from and after March 29, 2006. Furthermore, Plaintiff acquired trademark rights to the mark "INTEGRIS" by virtue of the registration with the United States Patent and Trademark Office for federal Trademark Registration Number 4117186.

9. Plaintiff acquired other intellectual property, including but not limited to, trademark, copyright, trade secret, and trade dress rights by virtue of its use in commerce of Plaintiff's company website, various promotional materials, and styles of doing business.

10. Plaintiff extensively advertised and promoted the "INTEGRIS" mark and other intellectual property. Moreover, Plaintiff invested substantial time, energy, and resources to develop the "INTEGRIS" mark. The "INTEGRIS" mark is a strong mark, being inherently arbitrary, fanciful, distinctive, or suggestive.

11. From on or around January 2015 and after, Plaintiff became aware that Defendant engaged in use in commerce of the confusingly similar mark, "INTEGRIS," in connection with financial planning and investment advisory services.

12. Thereafter, Plaintiff demanded that Defendant cease such use.

13. Defendant refused to cease using the "INTEGRIS" mark, and Defendant continued to use Plaintiff's intellectual property. Plaintiff is informed and believes that Defendant continues to use Plaintiff's intellectual property, without Plaintiff's permission, to Plaintiff's injury.

## COUNT I

### (Trademark Infringement)

14. Plaintiff adopts and incorporates by reference the allegations contained in Paragraphs 1 through 13 of this Complaint as though set forth fully herein.

15. Plaintiff is informed and believes and based thereon alleges that Defendant created a likelihood of confusion with Plaintiff's marks in the relevant marketplace as to source, sponsorship, affiliation, or authorization to Plaintiff's damage, thereby constituting infringement of Plaintiff's registered and unregistered trademarks and service marks.

16. As a proximate result of Defendant's above-described conduct, Plaintiff is informed and believes and based thereon alleges that it has been damaged in an unascertained amount. Plaintiff will seek leave to amend this complaint when such damages have been ascertained.

17. At all material times, Defendant acted in bad faith, oppressively, and maliciously towards Plaintiff, with willful intent for the purpose of trading upon Plaintiff's goodwill and business reputation, with knowledge of the lack of right to do so, and intent to injure Plaintiff, thereby entitling Plaintiff to treble damages against Defendant, in an unascertained amount. Plaintiff will seek leave to amend this complaint when such damages have been ascertained.

/ / /

18. The above described acts of Defendant caused and are continuing to cause irreparable injury to Plaintiff, for which, Plaintiff has no adequate remedy at law, and Defendants will continue to do so unless enjoined by this Court.

WHEREFORE, Plaintiff prays for judgment in its favor and against Defendants as follows:

1. An award of monetary damages, including recovery of Defendants' profits and the damages sustained by Plaintiff, arising from the acts of Defendant complained of herein, according to the proof;

2. An award of trebled monetary damages, according to the proof;

3. An award of prejudgment interest from the date of each wrongful act and recovery of Plaintiff's attorneys fees and costs;

4. Injunctive relief against Defendants, and each of them, their officers, agents, employees, servants, attorneys, representatives, successors and assigns, and each of them and all others in privity and acting on behalf of or in concert therewith, from using as a trade name, trademark, domain name, telephone number designation, service mark, or otherwise referring to itself or their goods or services, comprising or containing the words INTEGRIS, or any acronym of similar appearance, sound, or import, and, further, to refrain from use of Plaintiff's trademark rights by virtue of its use in commerce of Plaintiff's company website, various promotional materials, and styles of doing business.

5. A judicial declaration that Plaintiff shall have the exclusive right to use the marks and other intellectual property set forth herein and an order that Defendant transfer all right, title, and interest in and to all of such marks and domain names to Plaintiff;

6. An award of Plaintiff's attorneys' fees and costs; and

7. Any and all further relief as may be deemed fit and proper.

///
///
///
///
///

-4-
COMPLAINT FOR TRADEMARK INFRINGEMENT
1576895_2

**JURY TRIAL DEMANDED**

Pursuant to Federal Rules of Civil Procedure, 38(b), 5(d), and Local Rule 3-6, Plaintiff demands a jury trial of all issues triable by jury.

DATED: April 1, 2015

HOGE, FENTON, JONES & APPEL, INC.

By /s/ *Robert W. Payne*
Robert W. Payne
Attorneys for Plaintiff
INTEGRIS WEALTH MANAGEMENT, LLC

-5-
COMPLAINT FOR TRADEMARK INFRINGEMENT
1576895_2